ON MOTION FOR REHEARING

STEVENSON, J.
We grant J.C.R.’s motion for rehearing of our affirmance of the trial court’s order requiring J.C.R.’s father to pay restitution. J.C.R. contends that before his father could be required to pay restitution, his father was entitled to a hearing to determine whether he had made adequate efforts to control his son and, thus, should be absolved of any obligation to pay restitution. As support for his position, appellant cites B.M. v. State, 744 So.2d 505 (Fla. 5th DCA 1999), which held that before a trial court may order a delinquent child’s par *552 ents to pay restitution pursuant to section 985.231(l)(a)(9), Florida Statutes, the trial court must first determine that the parent failed to make a diligent and good faith effort to prevent the child from engaging in delinquent acts. We agree with the conclusion reached in B.M. that section 985.231(l)(a)(9) requires the juvenile judge to make this determination prior to holding the parent financially responsible for damage caused by the delinquent child.[1] Therefore, in addition to the relief granted in the prior opinion, we vacate the restitution order and remand for further proceedings consistent with this decision.
DELL and GROSS, JJ., concur.

. Section 985.231 (1 )(a)(9), Florida Statutes (1999), provides in part that, in addition to the sanctions imposed upon the delinquent child, the court may:
order the parent or guardian of the child to perform community service if the court finds that the parent or guardian did not make a diligent and good faith effort to prevent the child from engaging in delinquent acts. The court may also order the parent or guardian to make restitution in money or in kind for any damage or loss caused by the child's offense.